OPINION
Defendant Kenneth Poland, Jr. appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which convicted and sentenced him for one count of murder in violation of R.C. 2903.02. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED SUSTAINING APPELLEE'S MOTION TO PERMIT WITNESS TESTIMONY CONCERNING APPELLANT'S WRITTEN STATEMENT TO POLICE BUT TO EXCLUDE TESTIMONY CONCERNING APPELLANT'S TAPED STATEMENT TO POLICE MADE A FEW HOURS THEREAFTER.
ASSIGNMENTS OF ERROR NO. 2
 APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE CONSTITUTION OF THE STATE OF OHIO.
ASSIGNMENT OF ERROR NO. 3
 THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE FINDING THAT APPELLANT WAS GUILTY OF MURDER.
Appellant was indicted for purposely causing the death of one Curtis A. Brown. At trial, the State presented evidence appellant struck Brown with a ball peen hammer as Brown slept on the couch of the home he shared with appellant's ex-wife, Tammy. Tammy testified she and appellant were attempting to reconcile, and the evening before Brown's death, she and appellant had visited various bars, before returning to Tammy's residence. Tammy testified she was extremely drunk, and had been experiencing blackouts. Her recollection of the events was spotty. Tammy testified appellant wanted to have sex, but she did not because she was on the verge of passing out. Appellant then became angry because he believed Brown had raped Tammy. Appellant went back to the room where Brown was, and struck him on the head.
Two of Tammy's friends came to the residence and discovered Brown was dead. In his first statement, appellant told the police he and Tammy had found Brown lying on the couch not breathing when they returned from bar hopping. In a second statement, appellant testified he had struck Brown in self defense after Brown attacked him. Tammy testified Brown had not raped her, although she admitted she had told some persons Brown had made some sort of sexual advances to her.
 I
Prior to trial, the State of Ohio filed a motion in limine
seeking to limit testimony regarding the two statements appellant had made to police during their investigation into Brown's death. The State characterized appellant's second statement to police as self serving, and as inadmissible hearsay. The written statement appellant first made alleged appellant and Tammy found Brown dead when they arrived at the residence. The taped statement which appellant gave was the statement in which appellant claimed Brown was the aggressor and appellant struck in self defense.
Appellant argues his tape-recorded statement to police was admissible under Evid. R. 801 (D) (2). As the State points out, Evid. R. 801 provides an admission of a party opponent is not hearsay, if it is a party's own statement, offered against him. Here, the State is the party opponent, but appellant was attempting to introduce his own statement into evidence. This statement was not an admission against his interests, and Evid. R. 801 does not permit a party to introduce his own statement. SeeIn Re: Coy (1993), 67 Ohio St.3d 215.
Appellant argues his taped statement would have been sufficient to present his case, and he could have introduced it in lieu of testifying. Instead, the court sustained the motion inlimine and appellant took the stand in his own defense. Thereafter, the court permitted the taped statement to be admitted into evidence after appellant testified he had made the statement to police.
We find the State was correct in characterizing the statement as self-serving, and we find the court correctly ruled the statement was not admissible unless appellant took the stand and testified concerning it.
The first assignment of error is overruled.
 II
In his second assignment of error, appellant argues he was not afforded the effective assistance of counsel. In Stricklandv. Washington (1984), 466 U.S. 668, the United States Supreme Court devised a two-pronged test for courts to apply in evaluating claims of ineffective assistance of counsel. In order to prevail on such a claim, the accused must demonstrate trial counsel's performance fell below an objective level of reasonable professional assistance, and must further demonstrate counsel's defective performance prejudiced the accused's ability to receive a fair and reliable trial. Ohio has adopted the Strickland test, see State v. Bradley (1989), 42 Ohio St.3d 136.
Appellant cites two instances in which he alleges trial counsel was ineffective. First, he suggests trial counsel should have requested a continuance in order call the deputy coroner who conducted the autopsy on Curtis Brown. The State represented to the court Deputy Coroner Dr. Murthy was unavailable at the time of trial, and instead called Dr. James Pritchard, the Stark County Coroner, to testify as to the autopsy report. Dr. Pritchard made the actual ruling that Brown's death was a homicide, but was not present when the autopsy was performed and could not be cross examined regarding procedure and findings. Appellant points out the original cause of death was listed as a massive heart attack, but was later changed to massive force trauma to the head. The EMS workers who responded to the 911 call testified Brown was not bleeding and there was no apparent trauma at the scene. For this reason, appellant argues trial counsel should have requested a continuance in order to insure Dr. Murthy's presence at trial.
The State responds appellant cannot demonstrate prejudice because the cause of Brown's death was never seriously in dispute. Appellant admitted causing the decedent's death by striking the decedent in the head with a hammer.
Appellant also suggests his counsel was ineffective because he did not raise the issue of whether appellant could be guilty of the lesser included offense of voluntary manslaughter, because a number of the witnesses who testified at trial testified appellant's motivation in killing Brown was his suspicion Brown had raped Tammy. Voluntary manslaughter is knowingly causing the death of another while under the influence of sudden passion or a sudden fit of rage, brought on by serious provocation occasioned by the victim, reasonably sufficient to incite the defendant into using deadly force. Appellant argues his own testimony regarding his case for self defense would also support the theory he acted under the influence of sudden passion or in a fit of rage.
The State argues trial counsel chose to try to convince the jury appellant was entitled to an outright acquittal on the basis of self defense, rather than opting for a conviction for voluntary manslaughter. Thus, trial counsel's decision to pursue a complete defense was not ineffective assistance of counsel, but rather the result of trial strategy. In State v. Clayton (1980), 62 Ohio St.2d 45, the Supreme Court found counsel is not ineffective in making a tactical choice, even if the choice results in an unsatisfactory outcome.
We find appellant has not demonstrated trial counsel was ineffective. Accordingly, the second assignment of error is overruled.
 III
In his final assignment of error, appellant argues there was insufficient evidence to support the jury's finding. Appellant argues the State did not present evidence he purposely caused the death of another, because purpose requires a specific intention to cause the result. Appellant argues the circumstances surrounding the incident do not indicate appellant purposely killed Brown.
In State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court found the term "sufficiency of the evidence" refers to the legal standard which determines whether the case should be submitted to the jury. The issue is like that of a Crim. R. 29 (A) motion for judgment of acquittal, and presents a question of law, not of fact, Thompkins at 386. Thus, we review the evidence in the light most favorable to the prosecution, to determine if the evidence, if believed, would support a conviction, Thompkins
at 390 (Cook and Stratton, concurring), citing State v. Jenks
(1991), 61 Ohio St.3d 259.
We have reviewed the record, and we find there was sufficient competent and credible evidence presented to the jury which, if believed, would warrant a finding that appellant purposely caused Curtis Brown's death.
The third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
Gwin, J., Hoffman, J., and Farmer, P.J., concur.