OPINION
Appellant, Cheryl Coffield, appeals from the summary judgment issued by the Portage County Court of Common Pleas, granted in favor of appellee, Allstate Insurance Company.
On December 20, 1996, appellant's father, Emerson Shrieve, who resided at 993 State Route 303 in Streetsboro, Ohio, was crossing the road to retrieve his mail when he was struck by a vehicle operated by Jamie Reese. As he laid injured on the road, a second vehicle, operated by Jodi Earl, ran him over. The next day, Mr. Shrieve died as a result of the injuries he sustained in the accident.
On January 24, 1997, appellant, along with Judith Shrieve, James Shrieve, and Renee Maizlik filed a wrongful death action against Jamie Reese, Jodi Earl, and Prudential Insurance Company, who provided uninsured motorist coverage to Emerson Shrieve. At the time of the accident, Jodi Earl was insured by a policy issued by Allstate Insurance Company, with liability coverage limits of $100,000 per person and $300,000 per accident. Jamie Reese was insured by a policy issued by Grange Insurance Company, with liability coverage limits of $25,000 per person and $50,000 per accident.
In addition to her participation in the wrongful death suit, appellant made a claim for damages to appellee, with whom she had uninsured/underinsured motorist coverage in the amount of $25,000 per person and $50,000 per accident. After appellee denied her claim, appellant sought a declaratory judgment that she is entitled to recover $25,000 from her uninsured/underinsured motorist policy issued by appellee for the damages sustained as a result of her father's death.
On December 30, 1998, appellee filed a motion for summary judgment, arguing that appellant could not recover any uninsured/underinsured motorist benefits because R.C. 3937.18(A), as amended by S.B. 20, prohibits an insured from recovering underinsured motorists benefits for the wrongful death of a non-insured. Appellee also argued that even if appellant was entitled to underinsured motorist benefits from her Allstate insurance policy for the death of her father, appellant was not underinsured because her underinsured policy limits were not greater than the liability coverage limits in the tortfeasors' respective insurance policies. In response to appellee's motion for summary judgment, appellant argued that pursuant to the holding in Sexton v. State Farm Mut. Auto.Ins. Co. (1982), 69 Ohio St.2d 431, she was entitled to recover underinsured benefits for the wrongful death of her father even though he was not an insured under her policy. Appellant further argued that the holding in Sexton has not been abrogated by the amendment to R.C.3937.18(A). On May 27, 1999, the trial court granted appellee's motion for summary judgment. From this judgment, appellant assigns the following error:
 "The trial court erred in granting summary/declaratory judgment in favor of Appellee Allstate Insurance Company."
In appellant's sole assignment of error, she contends that she is entitled to recover wrongful death damages because of the death of her father, pursuant to the holding in Sexton. In Sexton, the Supreme Court of Ohio held that a provision in an uninsured motorist section of an insurance policy that limited coverage to damages due to bodily injury sustained by an insured was unenforceable. Id. at 436.
Appellee contends that the holding in Sexton has been abrogated by R.C. 3937.18, as amended by S.B. 20 effective October 20, 1994. Since the time that the parties submitted their briefs, the Supreme Court of Ohio has decided the issue. In Moore v. State Auto. Mut. Ins. Co. (2000),88 Ohio St.3d 27, the court held:
 "R.C. 3937.18(A)(1), as amended by Am.Sub.S.B. No. 20, does not permit an insurer to limit uninsured motorist coverage in such a way that an insured must suffer bodily injury, sickness, or disease in order to recover damages from the insurer." Id. at syllabus.
Therefore, an insured individual would be able to recover damages for the wrongful death of a non-insured parent under the provisions of his uninsured motorist coverage if an uninsured motorist was liable for the loss.
Although Moore specifically addressed uninsured motorist coverage and this case involves underinsured motorist coverage, we agree with the Twelfth Appellate District's conclusion that the holding in Moore is equally applicable to underinsured motorist coverage. See Littrell v.Wigglesworth (Mar. 13, 2000), Butler App. No. CA99-05-092 and CA99-08-141, unreported. Because the law permits an individual in appellant's position to recover benefits from her uninsured/underinsured motorists policy, we must next determine whether appellant is actually underinsured.
R.C. 3937.18(A)(2) defines underinsured motorist coverage as:
 "an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for [an insured] against loss for bodily injury, sickness, or disease, including death, suffered by any person insured under the policy, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the insured's uninsured motorist coverage. Underinsured motorist coverage is not and shall not be excess insurance to other applicable liability coverages, and shall be provided only to afford the insured an amount of protection not greater than that which would be available under the insured's uninsured motorist coverage if the person or persons liable were uninsured at the time of the accident. The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured." (Emphasis added.)
In Smock v. Hall (1999), 132 Ohio App.3d 478, we held that an individual is not "underinsured" under R.C. 3937.18(A)(2) if his uninsured/underinsured coverage limits are the same as the limits of the tortfeasor's liability coverage. We reasoned that "underinsured coverage is not intended to be excess insurance and that it should be reduced by any other coverage received." Id. at 482.
Jamie Reese, one of the tortfeasors in the instant case, has insurance with limits of liability of $25,000 per person. Jodi Earle, the other tortfeasor, has insurance with limits of liability of $100,000 per person. Because appellant's underinsured coverage limit is only $25,000 per person, the same as Reese's limits and less than Earle's limits, she cannot be considered underinsured within the meaning of R.C. 3937.18(A)(2). Appellant is not eligible for underinsured benefits under her insurance policy issued by appellee; therefore, the trial court did not err by granting appellee's motion for summary judgment. Appellant's sole assignment of error has no merit.
 __________________________ JUDGE JOSEPH E. MAHONEY, Ret., Eleventh Appellate District sitting by assignment
CHRISTLEY, P.J., O'NEILL, J., concur.