OPINION
Appellants, Ronald L. Gilbert and Jessica Gilbert, appeal from the judgment of the Trumbull County Court of Common Pleas. The court granted appellee's, Grange Mutual Casualty Company ("Grange Mutual"), motion for summary judgment. This case addresses loss of consortium claims brought by appellants, and the application of R.C. 3937.18 (Ohio's underinsurance statute) to those claims.
Sharon B. Gilbert, the wife and mother of appellants Ronald and Jessica Gilbert, was involved in a car accident with Harold H. Mueller. Sharon and Ronald Gilbert filed a suit against Mueller and against their own insurance company, appellee, Grange Mutual. The action against Mueller was settled for Mueller's insurance policy limit of $50,000. The Gilbert's complaint against Grange Mutual remained pending. The Gilbert's sought additional payment under their Grange Mutual policy's underinsurance provision, which provided coverage in the amount of $100,000 for "each person." The Gilbert's subsequently amended their complaint, adding Jessica Gilbert's loss of consortium claim. Sharon Gilbert settled her claim with Grange Mutual for $45,000, which left only the derivative claims of appellants to be determined.
The policy Grange Mutual issued to the Gilberts provided underinsured motorist coverage in the amount of $300,000 per accident, with a $100,000 limit for each person, subject to the terms, definitions, and conditions of the policy. This policy was issued and the accident occurred after the effective date of the S.B. 20 amendments to R.C. 3937.18.
As amended, R.C. 3937.18(H) permits insurers to include language in their policies limiting their liability for all claims made as the result of one person's injury to the limit established by the policy for each person/each accident. The policy issued by Grange Mutual to the Gilberts contained such limiting language. It states that Grange Mutual's maximum liability for all damages, regardless of the number of insureds or number of claims made, for injuries sustained in an accident by any one person, is the limit of liability set forth on the declaration page of the policy for "each person," in this case, $100,000.
Appellants filed a motion for summary judgment on the issue of the per occurrence limits with respect to the loss of consortium claims. Appellants argued that each family member's claim for loss of consortium should be subject to a separate per person limit and not subject to the same limit from which Sharon Gilbert received her compensation. Grange Mutual filed a cross motion for summary judgment, seeking enforcement of the limiting terms in its insurance contract. Appellants also challenged the constitutionality of R.C. 3937.18, as amended by S.B. 20. The trial court granted Grange Mutual's motion for summary judgment and denied appellants' motion. From this judgment, appellants filed their appeal, assigning the following error:
 "The trial court erred in finding that defendant-appellee Grange Mutual Casualty Company could limit all claims resulting from the instant accident to a single per person limitation of liability."
In their first proposition of law, appellants argue, based on Schaeferv. Allstate Ins. Co., that each person who is covered by an underinsured motorist policy and who is asserting a claim for loss of consortium has a separate claim subject to a separate per person policy limit.[1] WhileSchaefer was decided after the S.B. 20 amendments to R.C. 3937.18 took effect, the amended statute was not in effect at the time that either theSchaefer policy was issued, or the Schaefer accident occurred. Thus, the amended statute was not applicable to that case.
Schaefer extended the rationale and holding of Savoie v. Grange Mut.Ins. Co., to loss of consortium claims.[2] However, in enacting S.B. 20, the legislature specifically stated it was its intent to overrule the effect of the Savoie holding as it related to R.C. 3937.18(H), which is the applicable code section in this case. While Schaefer had not yet been decided at the time S.B. 20 was adopted, by extension, its holding would not be applicable to accidents which occurred after the effective date of S.B. 20.
Under R.C. 3937.18(H), as amended, insurers may now validly limit claims derived from any one person's injury in one accident to the single per person coverage limit applicable to the injured person. This court has previously reached that conclusion.[3] Thus, the trial court correctly decided this issue. As the application of
R.C. 3937.18(H) is dispositive of this question, appellant's' arguments with respect to R.C. 3937.18(A)(2) are of no avail. Appellants' first proposition of law is without merit.
In appellants' second and third propositions of law, they argue that S.B. 20 denies consortium claimants their constitutional rights, and is therefore unconstitutional. Specifically, appellants argue they have a fundamental right to a remedy and that S.B. 20 violates the equal protection clause of Article I, Section 2 of the Ohio Constitution. Appellants do not direct this argument toward any particular section of R.C. 3937.18. The Supreme Court of Ohio addressed the "right to a remedy" and equal protection arguments in Beagle v. Walden, as those arguments related to R.C. 3937.18(A)(2).[4] The reasoning and conclusions reached by the court in Beagle are applicable to this case.[5]
Further, we note that R.C. 3937.18 regulates insurance contracts. It does not place any limit on the amount of damages available to injured parties in suits for loss of consortium. Actions for loss of consortium lie against the tortfeasor, not the tortfeasor's insurance company. Parties may pursue judgments against the tortfeasor in any amount, and these rights are in no way impinged by R.C. 3937.18. We understand and sympathize with appellants, in that, as a practical matter, the amount of money available may be limited to the available insurance coverage. Nevertheless, as a matter of law, R.C. 3937.18 cannot be construed as placing any limitation on the amount an aggrieved party may obtain in judgment against the tortfeasor in an action for loss of consortium. The state, through its constitution, cannot and does not guarantee full financial compensation for every injury done to its residents. Appellants' second and third assignments of error are without merit. The judgment of the trial court is affirmed.
ROBERT A. NADER, J., DIANE V. GRENDELL, J., concur.
[1] Schaefer v. Allstate Ins. Co., 76 Ohio St.3d 553,1996-Ohio-368.
[2] Savoie v. Grange Mut. Ins. Co., 67 Ohio St.3d 500,1993-Ohio-134.
[3] See, e.g., Smock v. Hall (1999), 132 Ohio App.3d 478, 482.
[4] Beagle v. Walden, 78 Ohio St.3d 59, 1997-Ohio-234.
[5] See Beagle, at 63-64.