IN RE COY ET AL.

[Cite as *In re Coy* (1993), 67 Ohio St.3d 215.]

(No. 92–760—Submitted March 10, 1993—Decided September 1, 1993.)

216

*Zaner & Cimerman* and *Lorin J. Zaner*, for appellee.

*Patricia J. Clark*, for appellant Lucas County Children Services Board.

*Cooper, Straub, Walinski & Cramer* and *Barbara Herring,* for appellant guardian *ad litem,* Susan Eriksen.

DOUGLAS, J.

# I

## The Issue

This case is about two young female children, one of whom, Lindsey, it is alleged, was sexually abused by the children's father. Appellant, Lucas County Children Services Board, filed a complaint in dependency and abuse. An adjudication hearing was held and eleven witnesses testified. The witnesses included a children services sexual abuse investigator, a police detective and the children's guardian *ad litem.* These specific witnesses, over objection, were permitted to testify as to Lindsey's statements to them. Lindsey was found to be an abused and dependent child. The father, appellee, appealed and the court of appeals found that the trial court had not complied with the requirements of R.C. 2151.35(F). The court of appeals remanded the case to the trial court for further proceedings and, specifically, for compliance with R.C. 2151.35(F). The court of appeals also made reference to one of its previous cases and to Evid.R. 801(D)(2), and overruled in part that portion of the previous case that had applied Evid.R. 801(D)(2).

Appellant LCCS appeals to this court urging that Evid.R. 801(D)(2) applies and, if it does, R.C. 2151.35(F) has no application. Appellant also urges, seemingly in the alternative, that R.C. 2151.35(F) be given "a liberal construction."

Thus, the issue that is presented is whether the testimony of the three witnesses in question should have been, over proper objection, admitted.

# II

## Evid.R. 801(D)(2)

Appellant contends that the witnesses' statements were properly admitted because they are not hearsay and, thus, R.C. 2151.35(F) has no application. It is appellant's contention that Lindsey is a "party opponent" to her father and, as such, her statements to third persons may be admitted under Evid.R. 801(D)(2).

Although argued by both parties, we find that Evid.R. 801(D)(2) has *no* application at all. Appellant says the rule applies because Lindsey is a party opponent. Appellee says it does not apply because Lindsey is *not* a party

opponent.[1] Both parties are in error. It makes no difference whether Lindsey is, or is not, a party opponent.

The rule, by its explicit terms, applies to statements offered *against* a party where the statements are the *party's own*. Here the statements offered were Lindsey's. They were offered by Lindsey against her father. They were not her own statements being offered against her.

The Staff Note to Evid.R. 801(D)(2)(a) makes this clear. In part, that note provides that Evid.R. 801(D)(2)(a) " * * * covers statements by a party opponent. The statement need not be against the interest of the declarant at the time made. It is sufficient that the statement be that of a party *and that it is offered by the opposing party. A party may not introduce his own statement under this rule.* * * * " (Emphasis added.)

Simply put, Evid.R. 801(D)(2) has no application here. Lindsey seeks to introduce her *own* statements through others. This is classic hearsay and is not admissible unless an exception to the hearsay rule is found. Accordingly, we find it proper and necessary to put to rest this clear misapplication of Evid.R. 801(D)(2).

### III

### R.C. 2151.35(F) [2]

Section 5(B), Article IV of the Ohio Constitution provides that "[t]he supreme court shall prescribe rules governing practice and procedure in all courts of the state * * *. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."

---

1. To be fair, appellee does say that " * * * the rule requires that the statement, which constitutes an admission of a party-opponent, be offered into evidence by an opposing party." But, having arrived at the right conclusion, appellee then says, in the very next sentence, that *"[t]his is where appellant's argument fails* since children are not party-opponents in juvenile dependency proceedings. * * * " (Emphasis added.)

2. R.C. 2151.35(F) provides:
   "In cases regarding abused, neglected, or dependent children, the court may admit any statement of a child that the court determines to be excluded by the hearsay rule if the proponent of the statement informs the adverse party of his intention to offer the statement and of the particulars of the statement, including the name of the declarant, sufficiently in advance of the hearing to provide the party with a fair opportunity to prepare to challenge, respond to, or defend against the statement, and the court determines all of the following:
   "(1) The statement has circumstantial guarantees of trustworthiness;
   "(2) The statement is offered as evidence of a material fact;
   "(3) The statement is more probative on the point for which it is offered than any other evidence that the proponent can procure through reasonable efforts;
   "(4) The general purposes of the evidence rules and the interests of justice will best be served by the admission of the statement into evidence."

Evid.R. 802 provides that "[h]earsay is not admissible except as otherwise provided by the Constitution of the United States, by the Constitution of the State of Ohio, *by statute enacted by the General Assembly not in conflict* with a rule of the Supreme Court of Ohio, by these rules, or by other rules prescribed by the Supreme Court of Ohio." (Emphasis added.) There cannot be much question that R.C. 2151.35(F) is designed to, in specific cases, allow admission of hearsay statements which are excluded by the hearsay rule (Evid.R. 802) and which are not admissible pursuant to any of the exceptions found in Evid.R. 803, 804 or 805. While we have great respect for the General Assembly and give great deference to its enactments, such treatment cannot be accorded to R.C. 2151.35(F). The statute is either one of two things—it is meaningless because the matter is already covered in Article VIII of the Evidence Rules, or it is unconstitutional as it attempts to change (enlarge) the Evidence Rules as promulgated by this court. See, generally, *State v. Greer* (1988), 39 Ohio St.3d 236, 245–246, 530 N.E.2d 382, 395–396, and *State v. Boston* (1989), 46 Ohio St.3d 108, 115, 545 N.E.2d 1220, 1228, fn. 2.

Given the foregoing, R.C. 2151.35(F) is inconsistent with Article VIII of the Ohio Rules of Evidence and, as such, has no force or effect. (*Rockey v. 84 Lumber Co.* [1993], 66 Ohio St.3d 221, 611 N.E.2d 789, followed.)

## IV

## Evid.R. 807

On July 1, 1991, subsequent to the enactment of R.C. 2151.35, Evid.R. 807 became effective. Evid.R. 807 provides an additional exception to the hearsay rule. The rule facilitates the use, in abuse cases, under proper constitutional safeguards, of an out-of-court statement(s) made by a child who, at the time of trial (or hearing), is under the age of twelve years. The rule was adopted in response to this court's entreaty in *State v. Boston, supra.* Thus, Evid.R. 807 should be used by trial courts in determining whether, in abuse cases, an out-of-court statement(s) made by a child who, at the time of trial (or hearing), is under the age of twelve years is admissible at the trial or hearing.

## V

## Conclusion

Accordingly, we affirm the judgment of the court of appeals but for different reasons than those given by that court. We remand this case to the trial court with instructions to proceed in accordance with the Evidence Rules and to apply, if appropriate, Evid.R. 807.

*Judgment affirmed*
*and cause remanded.*

MOYER, C.J., A.W. SWEENEY, WRIGHT, SMART, F.E. SWEENEY and PFEIFER, JJ., concur.

IRENE B. SMART, J., of the Fifth Appellate District, sitting for RESNICK, J.