OPINION
The plaintiffs-appellants, David and Lenar Lyles ("appellants"), appeal the judgment of the Allen County Court of Common Pleas granting summary judgment in favor of Progressive Insurance Company ("appellee"). For the following reasons, we affirm the judgment of the trial court.
The pertinent facts and procedural history of this case are as follows. On May 21, 1997, Appellant David Lyles was involved in a motor vehicle accident caused by Carrie Glover's failure to maintain an assured clear distance. As a result of the accident, Mr. Lyles suffered severe and permanent personal injuries. In addition, Appellant Lenar Lyles, David's wife, claims she suffered the loss of her husband's care, comfort, and consortium. At the time of the accident, Glover was insured under a policy of automobile insurance issued by Colonial Insurance Company with liability limits of coverage of $12,500 per person and $25,000 per accident. The Lyles had an uninsured/underinsured motorist ("UM/UIM") policy, issued by Progressive Insurance Company, with benefits of $12,500 per person and $25,000 per accident.
The appellants filed a complaint in the Allen County Court of Common Pleas on May 21, 1999 against Carrie Glover alleging negligent operation of a motor vehicle[1] and against Progressive Insurance Company for UM/UIM coverage. On December 10, 1999, the trial court granted Progressive summary judgment. The trial court held that pursuant to R.C 3837.18(A)(2) and R.C.3937.44, the appellants were not entitled to underinsured motorist coverage from the appellee. It is from this judgment that the appellants now appeal, asserting two assignments of error.
First it is necessary to set forth the standard of review in this matter. In considering an appeal from the granting of a summary judgment, we review the grant of the motion for summary judgment independently and do not give deference to the trial court's determination. Schuch v. Rogers (1996), 113 Ohio App.3d 718,720. Accordingly, we apply the same standard for summary judgment as did the trial court. Midwest Specialties, Inc. v.Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 8.
Summary judgment is proper when, looking at the evidence as a whole (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C); Horton v. Harwick Chemical Corp. (1995), 73 Ohio St.3d 679,686-87. To make this showing the initial burden lies with the movant to inform the trial court of the basis for the motion and identify those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. Those portions of the record include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action. Civ.R. 56(C). Once the movant has satisfied this initial burden, the burden shifts to the nonmovant to set forth specific facts, in the manner prescribed by Civ.R. 56(C), indicating that a genuine issue of material fact exists for trial.Dresher v. Burt, 75 Ohio St.3d at 293.
R.C. 3937.18(A)(2) allows an insurer to set off the tortfeasor's liability limits against their UM/UIM coverage limits. The legislation states, in relevant part, as follows:
 Underinsured motorist coverage is not and shall not be excess insurance to other applicable liability coverages, and shall be provided only to afford the insured an amount of protection not greater than which would be available under the insured's uninsured motorist coverage if the person or persons liable were uninsured at the time of the accident. The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured.
 In Beagle v. Warren (1997), 78 Ohio St.3d 59, the Supreme Court of Ohio explained that the analysis should focus on the levels of protection purchased by the insured. The Court stated that "[I]f an insured purchases uninsured/underinsured motorist coverage in the amount of $100,000 per person and $300,000 per occurrence, the insured is guaranteed total recovery for an accident of up to those policy limits, regardless of the tortfeasor's insurance status. If the insured purchases higher or lower policy limits, those limits will dictate the total recovery available stemming from an accident with an uninsured or underinsured motorist." Id. at 63. In this case, the appellants bargained for UM/UIM coverage of $12,500 per person; the same as the tortfeasor. Since the appellants and the tortfeasor both have the same amount of coverage, the trial court found that the it cannot be said that the tortfeasor is underinsured and the appellant's have no claim against Progressive and their underinsured motorist policy.
 Assignment of Error No. 1
 Set-off of policy limits under R.C. 3937.18(A)(2) (S.B. 20) is [sic] unconstitutional since consortium claimants are denied all remedies.
 In their first assignment of error, the appellants' contend that R.C. 3937.18(A)(2) is unconstitutional because it denies consortium claimants all remedies. For the following reasons, we disagree.
Section 16, Article I of the Ohio Constitution provides "[e]very person, for any injury done in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay." This Court has previously held that R.C. 3937.18(A)(2) does not violate the right to a remedy clause of the Ohio Constitution. Ott v.Borchardt (1998), 127 Ohio App.3d 152; see also Joseph v. CSXTransportation Co. (Mar. 18, 1999), Seneca App. No. 13-98-68, unreported. "The right involved in this instance is not the constitutional right to a remedy, but is only a right granted under a contract of insurance and limited by authorization of statute." Ott, 127 Ohio App.3d at 156.
R.C. 3937.18(A)(2) in no way denies the appellants the right to a remedy. It simply limits the contractual relationship between the insurer and the insured. The appellants are free to seek redress against the tortfeasor for any additional injuries they may have suffered above the amount covered by the tortfeasor's insurance. Accordingly, the appellants' first assignment of error is not well-taken.
Assignment of Error No. 2
 The members of David Lyles' family are each entitled to assert their own loss of consortium claims, and the set-off of the amount "available for payment" to each consortium insured from the tortfeasor would be zero. [sic]
 The appellants contend that the each member of the Lyles family has a separate claim against the tortfeasor and should therefore, not be subjected to the per person limit. For the following reasons, we disagree.
R.C. 3937.18(H), as amended by Am.Sub.S.B. No. 20, refers to underinsured motorist coverage; it specifically permits an insurance company to "include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the declarations or policy, or vehicles involved in the accident." Waite v. Progressive Ins.
(1998), 128 Ohio App.3d 344.
In this case, Appellant David Lyles was the only person present in the automobile at the time of the accident. The claims of the Lyles family members arise out of the injuries sustained by David. Therefore, under R.C. 3937.18(H), all claims arising out of David's injuries constitute a single claim. Accordingly, the appellants' second assignment of error is not well taken.
Having found no error prejudicial to the appellants herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 HADLEY, P.J.
 WALTERS and BRYANT, JJ., concur.
[1] The appellants' claims against Carrie Glover were settled and dismissed with prejudice by the trial court.