CARMON, Appellant,

v.

NATIONWIDE MUTUAL INSURANCE COMPANY, Appellee.

[Cite as *Carmon v. Nationwide Mut. Ins. Co.* (2001), 144 Ohio App.3d 686.]

Court of Appeals of Ohio,
Fourth District, Scioto County.

No. 00CA2741.

Decided July 26, 2001.

*Michael H. Mearan* and *Christopher Gerard*, for appellant.

*Grey W. Jones* and *Dale D. Cook*, for appellee.

PETER B. ABELE, Presiding Judge.

This is an appeal from a Scioto County Common Pleas Court summary judgment in favor of Nationwide Mutual Insurance Company, defendant below and appellee herein.

Dora Carmon, plaintiff below and appellant herein, raises the following assignments of error for review:

First Assignment of Error:

"The trial court committed reversible error in granting the motion for summary judgment of defendant Nationwide Mutual Insurance Company on the grounds that R.C. 3937.18(H) is constitutional."

Second Assignment of Error:

"Substantial justice has not been done to the appellant and the case should be reversed as to the judgment of the Scioto County Common Pleas Court and remanded there for a determination of the amount of coverage."

The parties do not dispute the relevant facts in the case at bar. On July 30, 1997, appellant's husband, David Carmon, was injured in an automobile accident. Carmon subsequently settled a claim against the tortfeasor's insurer, Western Reserve Group, for $15,000.[1]

Carmon and appellant then sought underinsured motorist coverage through their automobile liability policy with appellee. Appellee's policy provided appellant and Carmon with underinsured motorist coverage in the amount of $100,000 per person and $300,000 per accident.

---

1. Appellee waived subrogation and authorized Carmon to settle with Western Reserve.

As R.C. 3937.18(H)[2] authorizes, appellee's policy contained a provision limiting the amount of underinsured motorist coverage to the per person limit when only one insured had suffered bodily injury. The provision states:

"We agree to pay losses up to the limits stated in the policy Declarations. The following applies to these limits:

"1. The bodily limit shown for any one person is for all legal damages, including all derivative claims, claimed by anyone arising out of and due to bodily injury, including death, as a result of one occurrence.

"The per-person limit is the total amount available when one person sustains bodily injury, including death, as a result of one occurrence. No separate limits are available to anyone for derivative claims, statutory claims or any other claims made by anyone arising out of bodily injury, including death, to one person as a result of one occurrence.

"Subject to this per-person limit, the total limit of our liability shown for each occurrence is the total amount available when two or more persons sustain bodily injury, including death, as a result of one occurrence. No separate limits are available to anyone for derivative claims, statutory claims or any other claims arising out of bodily injury, including death, to two or more persons as a result of one occurrence."

Appellee settled Carmon's bodily injury claim for the per-person limit of $100,000, less the amount the tortfeasor's insurer had paid. Pursuant to the settlement, appellant reserved the right to contest the amount of coverage, if any, to which she is entitled under the policy for her consortium claim.

To that end, on July 27, 2000, appellant filed an amended complaint seeking (1) a determination of her ability to collect, for a loss of consortium claim, underinsured motorist coverage pursuant to the automobile liability policy of insurance that appellee issued, and (2) a declaration that R.C. 3937.18(H) violates Section 16, Article I, of the Ohio Constitution.

The parties subsequently filed cross-motions for summary judgment. On September 18, 2000, the trial court found appellee entitled to judgment as a matter of

---

2. R.C. 3937.18(H) provides:

"Any automobile liability * * * policy of insurance that includes [underinsured motorist coverage] * * * and that provides a limit of coverage for payment for damages for bodily injury, including death, sustained by any one person in any one automobile accident, may * * * include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the declarations or policy, or vehicles involved in the accident."

law and further declared R.C. 3937.18(H) constitutional. Appellant filed a timely notice of appeal.

Appellant's two assignments of error both address the propriety of the trial court's decision granting appellee summary judgment. We therefore address the assignments of error together. In particular, in her assignments of error, appellant argues that the trial court should have concluded that (1) R.C. 3937.18(H) is unconstitutional and (2) appellant is entitled to collect underinsured motorist benefits in excess of the $100,000 per person limit stated in the policy.

A

## SUMMARY JUDGMENT STANDARD

When reviewing a trial court's decision regarding a motion for summary judgment, an appellate court conducts a *de novo* review. See, *e.g.*, *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241, 244–245. Accordingly, an appellate court must independently review the record to determine whether summary judgment was appropriate. An appellate court need not defer to the trial court's decision. See *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153, 1157–1158; *Morehead v. Conley* (1991), 75 Ohio App.3d 409, 411–412, 599 N.E.2d 786, 787–788. In determining whether a trial court properly granted a motion for summary judgment, an appellate court must review the standard for granting a motion for summary judgment as set forth in Civ.R. 56, as well as the applicable law.

Civ.R. 56(C) provides as follows:

"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

Thus, a trial court may not grant a motion for summary judgment unless the evidence before the court demonstrates that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor

of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, *e.g., Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429–430, 674 N.E.2d 1164, 1170–1172.

## B

### THE CONSTITUTIONALITY OF R.C. 3937.18(H)

■ Appellant first asserts that the trial court erred by concluding that R.C. 3937.18(H) [3] does not violate Section 16, Article I of the Ohio Constitution. [4] Appellant contends that R.C. 3937.18(H) is unconstitutional because the statute deprives consortium claimants of "a meaningful remedy." Appellant thus argues that the statute renders her claim "valueless." We conclude, however, that the trial court lacked jurisdiction to consider appellant's constitutional challenge.

When challenging the constitutionality of a statute, the complaining party must raise the constitutionality issue in the complaint or in an amended complaint and must serve the Attorney General with the complaint. *. Cicco v. Stockmaster* (2000), 89 Ohio St.3d 95, 97, 728 N.E.2d 1066, 1068–1069. Failure to do so deprives the trial court of jurisdiction. *Id.* As the court explained in *Cicco:*

"[A] party who is challenging the constitutionality of a statute must assert the claim in the complaint (or other initial pleading) or amendment thereto, and must serve the pleading upon the Attorney General in accordance with methods set forth in Civ.R. 4.1 in order to vest a trial court with jurisdiction under R.C. 2721.12." *Id.*

In the case at bar, although appellant raised the issue in an amended complaint, appellant failed to serve a copy of the amended complaint upon the Attorney General. Thus, because appellant failed to serve the Attorney General, the constitutional issue is not properly before us and the trial court lacked jurisdiction to consider the issue. To this limited extent, therefore, we reverse the portion of the trial court's judgment addressing appellant's constitutional claim.

■ Although we decline to address appellant's constitutional argument, we note that had this issue been properly presented to this court, we would find no

---

**3.** We note that effective September 21, 2000, the Ohio General Assembly amended R.C. 3937.18. See S.B. No. 267. Unless otherwise noted, the statutes mentioned in this opinion refer to the statutes enacted as part of S.B. No. 20.

**4.** Section 16, Article I of the Ohio Constitution provides:

"All courts shall be open, and every person, for an injury done him in his lands, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay."

merit in appellant's argument. Many other Ohio courts have considered and rejected similar arguments. See, *e.g.*, *Beagle v. Walden* (1997), 78 Ohio St.3d 59, 676 N.E.2d 506; *Lippert v. Peace* (Mar. 27, 2001), Hancock App. No. 5–2000–41, unreported, 2001 WL 298566; *Gustin v. USAA Cas. Ins. Co.* (Feb. 13, 2001), Franklin App. No. 00AP–130, unreported, 2001 WL 118524; *Kleinsmith v. Allstate Ins. Co.* (Dec. 22, 2000), Richland App. No. 00CA14–2, unreported, 2000 WL 1901452; *Haddad v. State Farm Mut. Auto. Ins. Co.* (Feb. 28, 2000), Stark App. No.1999CA00262, unreported, 2000 WL 329978; *Washington v. Citizens Sec. Mut. Ins. Co.* (Sept. 21, 2000), Cuyahoga App. No. 76082, unreported, 2000 WL 1369860, affirmed (2001), 92 Ohio St.3d 211, 741 N.E.2d 290; *Lyles v. Glover* (Mar. 27, 2000), Allen App. No. 1–99–104, unreported, 2000 WL 309386.

In *Beagle,* the court explained that because R.C. 3937.18 "results from legislative policymaking, [c]overage in accordance with R.C. 3937.18 is not a common-law right." *Id.* at 64, 676 N.E.2d at 509. The court held:

"Any contractual right to coverage prescribed under R.C. 3937.18 does not * * * come within the protection of Section 16, Article I of the Ohio Constitution. *Fabrey v. McDonald Police Dept.,* [1994], 70 Ohio St.3d [351] at 355, 639 N.E.2d [31] at 35; *Mominee v. Scherbarth* (1986), 28 Ohio St.3d 270, 291–292, 28 OBR 346, 364–365, 503 N.E.2d 717, 733–734 (Douglas, J., concurring). To the extent that the legislature may exercise its policymaking authority to alter the contractual relationship between insurer and insured to provide greater protection to the insured, it may also limit or remove those protections once given. See *Byers v. Meridian Printing Co.* (1911), 84 Ohio St. 408, 422, 95 N.E. 917, 919; see, also, *Mominee v. Scherbarth,* 28 Ohio St.3d at 292, 28 OBR at 365, 503 N.E.2d at 734 (Douglas, J., concurring)." (Emphasis deleted.) *Id.;* see, also, *Ott v. Borchardt* (1998), 127 Ohio App.3d 152, 711 N.E.2d 1066 (concluding that R.C. 3937.18 does not destroy the right to a remedy, but merely is a contractual limitation that does not alter the party's remedy against the tortfeasor); *Kleinsmith v. Allstate Ins. Co.* (Dec. 22, 2000), Richland App. No. 00CA14-2, unreported, 2000 WL 1901452, at *5, citing *Plott v. Colonial Ins. Co.* (1998), 126 Ohio App.3d 416, 710 N.E.2d 740 (stating that R.C. 3937.44, which is similar to R.C. 3937.18(H), "speaks only to the contractual agreement between the injured insured and his or her underwriting insurance company, not to one's right to bring an action against the tortfeasor. Alteration of the contractual relationship between an insurer and insured does not impinge one's constitutional right to seek remedy through an action against the tortfeasor").

Accordingly, based upon the foregoing reasons we overrule appellants' first assignment of error. However, based upon our discussion regarding the trial court's lack of jurisdiction to consider whether the statute runs afoul of the Ohio Constitution, we reverse this portion of the trial court's judgment to this limited

extent. We believe that the trial court did not possess jurisdiction to address the constitutionality of R.C. 3937.18(H).

C

## OHIO LAW PERMITS AN INSURER TO SUBJECT A CONSORTIUM CLAIMANT'S MONETARY RECOVERY TO THE PER PERSON LIMITS

Appellant next argues that R.C. 3937.18(H) violates the precedent set forth in *Schaefer v. Allstate Ins. Co.* (1996), 76 Ohio St.3d 553, 668 N.E.2d 913, and in *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809. Appellant notes that in *Schaefer,* the Ohio Supreme Court declared that each person covered by an automobile insurance policy who asserts a loss-of-consortium claim has a separate claim that is individually subject to the per-person limit contained in the policy. Appellant further notes that in *Savoie,* the Ohio Supreme Court stated that each person covered by an UIM policy has a separate claim subject to a separate per-person policy limit.

This court recently observed that the enactment of S.B. No. 20, of which R.C. 3937.18(H) is a part, effectively overruled both *Savoie* and *Schaefer.* See *Post v. Harber* (Feb. 16, 2001), Vinton App. No. 00–CA–541, unreported, 2001 WL 243303; see, also, *Plott v. Colonial Ins. Co.*, 126 Ohio App.3d 416, 710 N.E.2d 740; *Justice v. State Farm Ins. Co.* (Oct. 18, 2000), Licking App. No. 2000CA29, unreported, 2000 WL 1576164; *Greiner v. Timm* (Mar. 28, 2000), Franklin App. No. 99AP–618, unreported, 2000 WL 311923, appeal not allowed (2000), 92 Ohio St.3d 209, 749 N.E.2d 289; *Maric v. Adams* (Mar. 31, 2000), Lake App. No. 98–L–142, unreported, 2000 WL 523007, affirmed (2001), 92 Ohio St.3d 209, 749 N.E.2d 289; *Francis v. McClandish* (Apr. 19, 1999), Athens App. No. 98CA21, unreported, 1999 WL 266680; *Smock v. Hall* (1999), 132 Ohio App.3d 478, 725 N.E.2d 673, discretionary appeal allowed (1999), 86 Ohio St.3d 1406, 711 N.E.2d 233, appeal dismissed (2000), 87 Ohio St.3d 1250, 722 N.E.2d 521.

█ R.C. 3937.18(H) provides that any automobile liability insurance policy that includes underinsured motorist coverage may limit all claims arising out of any single individual's bodily injury to the per-person limit set forth in the insurance policy. See fn. 2, *supra.* R.C. 3937.44 similarly permits automobile liability insurers to limit all claims arising out of any single individual's bodily injury to the per-person limit set forth in the insurance policy. The statute provides:

"Any * * * automobile liability or motor vehicle [insurance policy] that provides a limit of coverage for payment for damages for bodily injury, including death, sustained by any one person in any one accident, may * * * include terms

and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the declarations or policy, or vehicles involved in the accident."

The clear import of the foregoing provisions, as applied to underinsured motorist coverage, is to permit automobile insurers to limit all claims, including consortium claims, arising out of any single individual's bodily injury to the per-person limit shown in the insurance policy. See *Clark v. Scarpelli* (2001), 91 Ohio St.3d 271, 744 N.E.2d 719 (recognizing that R.C. 3937.18[H] permits insurers to consolidate wrongful death claims, even though each wrongful death claimant has a "separate and distinct" claim); *Maric, supra* (noting that R.C. 3937.18[H] "specifically authorize[s] insurers to limit multiple derivative claims, such as claims for loss of consortium, to a single per-person coverage limit").

Other appellate courts have recognized that R.C. 3937.18 permits insurers to consolidate all claims arising out of any single individual's bodily injury to the per-person limit and that *Schaefer* and *Savoie* no longer represent the current state of the law relating to consolidating derivative claims, such as loss-of-consortium claims and wrongful death claims. See, *e.g.*, *Plott; Francis; Smock, supra.*

Accordingly, based upon the foregoing reasons, we overrule appellant's two assignments of error. We affirm in part and reverse in part the trial court's judgment consistent with this opinion.

*Judgment affirmed in part
and reversed in part.*

KLINE and EVANS, JJ., concur.